IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv134

| | |
|---|---|
| FRANK McGOURTY; and JANE McGOURTY, ) ) ) Plaintiffs, ) ) Vs. ) ) ) PAUL COLLINS, Individually and d/b/a ) ATOZ EXPRESS OF NH ) INCORPORATED; CHRISTINE ) COLLINS, Individually and d/b/a ATOZ ) EXPRESS OF NH INCORPORATED; ) ATOZ EXPRESS OF NH ) INCORPORATED, d/b/a A TO Z ) EXPRESS OF NEW HAMPSHIRE and ) d/b/a A TO Z EXPRESS, INC.; BEKINS ) VAN LINES, LLC, d/b/a BEKINS and ) d/b/a BEKINS VAN LINES and d/b/a ) BEKINS VAN LINES, INC., ) ) Defendants. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court on defendants' Motion to Dismiss Complaint (#6), plaintiffs' Response (#11), and defendants' Reply (#12). Having carefully considered those pleadings as well as the Complaint, the undersigned enters the following findings, conclusions, and Recommendation that this action be dismissed for failure to state a claim as a matter of law.

**FINDINGS AND CONCLUSIONS**

**I.     Background**

In this action, plaintiffs seek to recover for damage, destruction, and loss of

-1-

household goods that was incurred when defendants transported their household goods from Massachusetts to North Carolina in July 2005.

According to plaintiffs in responding to the motion, they hired Bekins to pack, move, store, and transport their household items, personal belongings and property through Bekins' agent, A to Z. Compl., at ¶¶ 11, 13, 16-18. Those belongings were stored by defendants, then shipped to plaintiffs' new home. Compl., at ¶¶ 16-19. Upon such goods arriving at plaintiffs' home, plaintiffs discovered that their personal property was damaged or lost by defendants while in defendants' custody, causing a financial loss and other losses to plaintiffs in excess of $10,000.00. Compl., ¶¶ 17-20, 30-31.

After discovering the loss, plaintiffs filed a Statement of Claim and defendants declined to reimburse plaintiffs for most of the property that they damaged, destroyed or lost. Compl., at ¶¶ 26-30. At the time plaintiffs signed a contract with defendants, A to Z through Defendants Collins dissuaded plaintiffs from purchasing insurance to cover damages and/or losses from the storage and transport of plaintiffs' property. Compl., at ¶¶ 12-15). At the time the property arrived and plaintiffs noticed the property to be severely damaged, destroyed or lost, Mrs. Collins coerced plaintiffs into signing a Household Goods Descriptive Inventory List and a second document, on which plaintiffs crossed through the pre-printed language which stated the items delivered were in good condition prior to signing. Compl, at ¶¶ 22-24.

Plaintiffs' Complaint, which was removed by defendants from state court, includes the following causes of action: (1) Breach of Contract; (2) Breach of Implied

Contract; (3) Bad Faith Refusal to Settle a Claim; (4) Equitable Estoppel; (5) Promissory Estoppel; (6) Unfair Claim Settlement Practices; (7) Breach of Bailment for Hire; (8) Negligence; (9) Conversion; (10) Fraud; (11) Negligent Misrepresentation; (12) Piercing the Corporate Veil; (13) Unfair and Deceptive Trade Practices; and (14) Punitive Damages. It is undisputed that all of these claims are state law causes of action.

## II.  Standard Applicable to Rule 12(b)(6) Motions

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motion, the court has accepted as true the facts alleged by plaintiffs in the Complaint and as represented in the Response, and will view them in a light most favorable to plaintiffs.

**III. Discussion**

Resolution of this dispute between plaintiffs and a national moving company is governed by the Carmack Amendment to the *Interstate Commerce Act*. 49 U.S.C. § 14706. As a matter of well settled law, the Carmack Amendment preempts all of plaintiffs' state law claims inasmuch as this action arises exclusively from interstate transport services performed by defendants. As recognized by the United States

Supreme Court in Missouri Pacific R.R. Co. v. Elmore & Stahl, 377 U.S. 134 (1964), the Carmack Amendment replaced varying state causes of action with uniform "strict liability" of carriers to shippers. To assert a prima facie case under the Carmack Amendment, all that a shipper need to allege and prove are: (1) that their goods were in good condition when delivered to the carrier; (2) the good were not delivered or delivered damages; and (3) damages in the amount of "actual loss." Id., at 138. Accordingly, the Carmack Amendment completely preempts all state law remedies for damage or loss of goods transported in interstate commerce. Shao v. Link Cargo(Taiwan) Ltd., 986 F.2d 700 (4th Cir. 1993).

Thus, the only possible claim against an interstate motor carrier for loss or damage to goods during or as part of an interstate shipment of household good is a claim under the Carmack Amendment. Review of the allegations of the Complaint make it clear that the damage or loss of plaintiffs' household goods in an interstate shipment by motor carrier is the basis of all of their claims. The Carmack Amendment also applies to damage or loss that may have occurred when defendants stored plaintiff's household goods. Margeston v. United Van Lines, Inc., 785 F.Supp. 917, 920 (D.N.M. 1991); I.C.R.R. § 1056.12.

While plaintiffs concede that their claims for breach of contract, breach of implied contract, breach of bailment for hire, conversion, and negligence are barred, they have argued that their claims for bad faith refusal to settle a claim, equitable estoppel, promissory estoppel, fraud, negligent misrepresentation, piercing the corporate veil, and punitive damages should not be barred. There is little to no room

to argue in this district that the Carmack act left any rock unturned in the state law arsenal of tort claims, including claims for intentional torts. As succinctly summarized by Honorable Graham C. Mullen, then Chief Judge of this court, the Carmack act preempts all state law claims:

> Circuit courts of appeals, including the Fourth Circuit, have also unanimously held that Carmack's broad scope preempts all state law claims, whether they contradict or supplement Carmack remedies. *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir.), *cert. denied*, 522 U.S. 809, 118 S.Ct. 51, 139 L.Ed.2d 16 (1997) ("Preempted state law claims, therefore include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims."); *Cleveland v. Beltman North American Van Lines Co., Inc.*, 30 F.3d 373, 379 (2d Cir.1994) (stating that one of the primary purposes of the Carmack Amendment is to provide uniformity in the disposition of claims brought under a bill of lading); *Shao v. Link Cargo (Taiwan) Limited*, 986 F.2d 700, 706-707 (4th Cir.1993) ("[I]f the Interstate Commerce Commission had jurisdiction over the shipment in this case, Shao's common law claims are preempted by the Carmack Amendment."); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-7 (5th Cir.1993) (Carmack Amendment preempted state law claims, including claims of misrepresentation, fraud, gross negligence and intentional and negligent infliction of emotional distress); *Hughes Aircraft Co. v. North American Van Lines*, 970 F.2d 609, 613 (9th Cir.1992) ("Hughes [the shipper] wisely concede[d] that federal law preempts any state common law action against ... a common carrier."). *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112, 1120 (10th Cir.1989) ("[T]he Carmack amendment preempts state common law remedies against a carrier for negligent loss or damage to goods shipped under a proper bill of lading."); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir.1987) ("We ... hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act ..."); *W.D. Lawson & Co. v. Penn. Central Co.*, 456 F.2d 419, 421 (6th Cir.1972) ("As to the ... issue ... [of] whether or not the Carmack Amendment preempted common law suits ... we hold that it did.")

<u>Taylor v. Mayflower Transit, Inc.</u>, 22 F.Supp.2d 509, 510 -511 (W.D.N.C. 1998).

The undersigned is compelled to recommend to the district court that all of plaintiffs'

-6-

state law claims as to Bekins Van Lines be dismissed with prejudice.

In addition to Bekins Van Lines, plaintiffs have also made claims against Defendants AtoZ and defendants Paul Collins and Christine Collins, who, according to the Complaint, are the actual parties who moved plaintiffs' household goods. As discussed above, plaintiffs' most serious claims are leveled against the Collins, including claims that the Collins deceived plaintiffs by dissuading them from buying moving insurance on the front end and by coercing them into signing a Household Goods Descriptive Inventory List and another document when the goods were delivered. It is undisputed that AtoZ and the Collins were the "disclosed household goods agents" of Bekins. Even though these "household goods agents" appear to have been primarily "responsible' for plaintiffs' damages and losses, federal law provides that if liability is found, Bekins is liable for the acts and/or omissions of its participating disclosed household goods agents. Title 49, United States Code, Section13907(a) provides:

> **Carriers responsible for agents**. Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its transporting agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

There are no allegations in the Complaint or in plaintiffs' response that such agents acted *ultra vires*. As disclosed agents of Bekins, they are not, as a matter of law, parties to the bill of lading contract and cannot be held liable for damages arising out of any alleged breach. <u>Werner v. Lawrence Transp. Systems, Inc.</u>, 52 F. Supp. 2d 567

(E.D.N.C. 1998). The undersigned, therefore, will recommend that dismissal with prejudice as to all claims asserted herein against all other defendants, including AtoZ and the Collins.

In the plaintiffs' brief a request is made of the court to grant plaintiffs leave to amend their complaint to allege a cause of action under the Carmack Amendment. Plaintiffs' Brief, page 6. They have not filed a motion to amend, supporting brief or proposed amendment to their complaint. There has been no showing by the plaintiffs of the defendants consenting to such motion. Without such filing and a response made by the defendants this court is not in a position to consider or determine if there is sufficient basis in fact or in law to allow such amendment.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Motion to Dismiss be **GRANTED** in its entirety, and that all claims asserted herein be **DISMISSED** with prejudice as **PREEMPTED** by the Carmack Amendment.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v.

Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: July 5, 2007

Dennis L. Howell
United States Magistrate Judge