**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO.  1:07CV134**

| | | |
|---|---|---|
| **FRANK McGOURTY, and JANE McGOURTY,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **PAUL COLLINS, Individually and d/b/a ATOZ Express of NH Incorporated; CHRISTINE COLLINS, Individually and d/b/a ATOZ Express of NH  Incorporated; ATOZ EXPRESS OF NH INCORPORATED, d/b/a A TO Z EXPRESS OF NEW HAMPSHIRE and d/b/a A TO Z EXPRESS, INC.; and BEKINS VAN LINES, LLC, d/b/a BEKINS, and d/b/a BEKINS VAN LINES, and d/b/a BEKINS VAN LINES, INC.,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiffs' timely filed objections

to the Memorandum and Recommendation filed by the Magistrate Judge

and the Plaintiffs' motion to amend complaint filed July 29, 2007.

Defendants filed no objections to the Memorandum and Recommendation and have not responded to Plaintiffs' motion to amend.

## I.  BACKGROUND

The Magistrate Judge recited a thorough factual summary of this case in the Memorandum and Recommendation presently before the Court.  ***See* Memorandum and Recommendation, filed July 6, 2007, at 1-3.**  Accordingly, this Court hereby incorporates by reference the previous factual description and will recite only the facts necessary for resolution of the matters currently before the Court.

The Magistrate Judge recommended dismissal of Plaintiffs' claims against Defendant Bekins because they were preempted by 49 U.S.C. § 14706, commonly known as the Carmack Amendment to the Interstate Commerce Act, which preempts all state law claims against carriers based on losses incurred during interstate transportation.  *Id.* **at 6-7.**  The Magistrate Judge also recommended dismissal of Plaintiffs' claims against Paul and Christine Collins and A to Z Express, noting that 49 U.S.C. § 13907(a) imposes liability under the Carmack Amendment on carrier principals, but not their disclosed agents.  *Id.* **at 7.**

In their brief opposing the Defendants' motion to dismiss, Plaintiffs asked leave to amend their complaint in order to allege a specific cause of action under the Carmack Amendment and any other relevant federal law. **Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, filed June 11, 2007, at 6, 11.** The Magistrate Judge determined that the Court was not in a position to consider whether there was a sufficient basis in fact or in law to allow Plaintiffs' request to amend because no formal motion to amend had been filed or no consent obtained from opposing counsel. **Memorandum and Recommendation,** *supra*, **at 8**.

Thereafter, Plaintiffs filed timely objections to the Memorandum and Recommendation contemporaneously with a motion for leave to amend their complaint.

## II. STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof. **28 U.S.C. § 636(b)(1).** "Any written objections must specifically identify the portions of the Report and Recommendation to

which objections are made and the basis for such objections." **Thomas v. Westinghouse Savannah River Co.**, **21 F. Supp. 2d 551, 560 (D.S.C. 1997); see also, Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").** "Frivolous, conclusive or general objections need not be considered by the district court." **Battle, 834 F.2d at 421.** "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." **Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Jones v. Hamidullah, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].").** General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. **Tyler v. Beinor, 81 F.**

App'x 445, 446 (4th Cir. 2003); *United States v. Woods*, 64 F. App'x 398, 399 (4th Cir. 2003). If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee note).

## III. DISCUSSION

### A. Defendants' Motion to Dismiss

Defendants contend the claims asserted by Plaintiffs are state law claims and as a result are preempted by the Carmack Amendment to the Interstate Commerce Act. *See* **49 U.S.C. § 14706; Defendants' Memorandum of Law in Support of Motion to Dismiss Complaint, filed May 17, 2007, at 3.** The Magistrate Judge ruled that Defendants' motion to dismiss on these grounds should be allowed and Plaintiffs have specifically objected to those findings.

The complaint alleges against Defendants the following claims: (1) breach of contract; (2) breach of implied contract; (3) bad faith refusal to settle a claim; (4) equitable estoppel; (5) promissory estoppel; (6) unfair claim settlement practices; (7) breach of bailment for hire (incorrectly labeled as a second "Sixth" claim for relief); (8) negligence; (9) conversion; (10) fraud; (11) negligent misrepresentation; (12) piercing the corporate veil (as to Defendant A to Z Express only); (13) unfair and deceptive commercial practices; and (14) punitive damages. **Complaint, ¶¶ 32-125.** There is no dispute that these are state law claims. **Plaintiffs' Opposition Memorandum,** *supra***, at 6**. Although Plaintiffs concede that they did not specifically invoke the Carmack Amendment in the complaint but that the factual allegations in the complaint placed Defendants on notice of such a claim, they also also argue these state law claims are not preempted by the Carmack Amendment. *Id*. Alternatively, Plaintiffs contend that if these state law claims are preempted, the facts alleged in the complaint are sufficient to set out a claim under the Carmack Amendment. *Id*.

The Carmack Amendment "was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887 and addresses the liability of common carriers for goods lost or damaged during a shipment over which

the Interstate Commerce Commission has jurisdiction." ***Shao v. Link Cargo (Taiwan), Ltd.*, 986 F.2d 700, 704 (4th Cir. 1993)**.

In order to set out a claim under the Carmack Amendment a party must allege that (1) the defendant received the household goods in good condition from the plaintiff; (2) the household goods arrived at their arranged destination in damaged condition or did not arrive at all; and (3) the amount of loss suffered by the plaintiff. ***Missouri Pacific R. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964).**

The Supreme Court has described the preemptive nature of the Carmack Amendment.

> Almost every detail of the subject [of interstate common carriers' liability] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it. Only the silence of Congress authorized the exercise of police power of the state upon the subject of such contracts. But when Congress acted in such a way as to manifest a purpose to exercise its conceded authority, the regulating power of the state ceased to exist.

***Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913).**

In *Shao,* the Fourth Circuit considered whether the Carmack Amendment preempted state law claims of breach of contract and negligence for goods lost or damaged by an interstate carrier.

> The scope of the Carmack Amendment's preemptive effect has not previously been decided in this circuit. In *Millers Mutual Insurance Ass'n. v. Southern Railway*, 483 F.2d 1044, 1049 (4th Cir. 1973), we noted that "we are inclined to think the Carmack Amendment preempts state remedies in the area that it covers," but concluded that it was inappropriate to reach the issue at that time. Today we do reach that issue and conclude that the Carmack Amendment was intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in shipment.

*Shao*, *supra*, **at 706.** The Court further stated that "[e]very circuit court that has considered the issue and relied upon the Court's reasoning in *Adams Express* to conclude likewise that the Carmack Amendment preempts a shipper's state and common law claims of breach of contract and negligence for goods lost or damaged by a carrier during interstate shipment under a valid bill of lading." *Id.* **at 705.** The *Shao* Court concluded that if "the Interstate Commerce Commission had jurisdiction over the shipment in [Shao's case] [then] common law claims [were] preempted by the Carmack Amendment." *Id.* **at 706-07.**

Likewise, federal courts in this District have held that all North Carolina state law claims related to damaged goods moved by a common carrier in interstate commerce are preempted by the Carmack Amendment. ***Taylor v. Mayflower Transit, Inc.,* 22 F. Supp. 2d 509, 510-511 (W.D.N.C. 1998) ("Circuit Courts of appeals, including the Fourth**

**Circuit, have also unanimously held that Carmack's broad scope preempts all state law claims, whether they contradict or supplement Carmack remedies.");** *see also Rini v. United Van Lines,* **104 F.3d 502, 506 (1ˢᵗ Cir. 1997) ("Preempted state law claims, therefore, include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims.");** *Moffit v. Bekins Van Lines Co.,* **6 F.3d 305, 306-07 (5ᵗʰ Cir. 1993) (state law claims including breach of contract, breach of implied warranty, breach of express warranty, violation of the Texas Deceptive Trade Practices Act, slander, misrepresentation, fraud, and gross negligence preempted by Carmack Amendment);** *Hughes v. United Van Lines, Inc.,* **829 F.2d 1407, 1415 (7ᵗʰ Cir. 1987) (holding that the remedies provided by the Carmack Amendment preempt all state and common law remedies).**

Plaintiffs concede, under the reasoning of *Shao*, that the breach of contract claim, breach of implied contract, breach of bailment for hire, conversion and negligence are preempted by the Carmack Amendment. **Plaintiffs' Opposition Memorandum,** *supra***, at 8.** Plaintiffs nonetheless contend their claims against Defendants for bad faith refusal to settle a

claim, equitable estoppel, promissory estoppel, fraud, negligent misrepresentation, piercing the corporate veil, and punitive damages are not preempted because they are claims for damages that occurred while their household goods were outside the shipment process. *Id.* This Court holds, however, that these claims are likewise preempted by the Carmack Amendment. ***Moffit, supra; see also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007) (common law fraud and conversion preempted by Carmack Amendment).**

Plaintiffs overlook the fact that all of these claims arise because their household goods were moved as an interstate shipment under a bill of lading. **Complaint, ¶¶ 5, 18**. Such household goods moved through interstate shipment are the subject of the Carmack Amendment, whose enactment was "intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in shipment." ***Shao*, *supra.*** The state law claims alleged in the original complaint filed March 9, 2007, are necessarily related to the claim for damaged or lost goods that are the subject of the contract with Defendants. Having completed a *de novo* review of this issue, the Court finds Plaintiffs' state law claims are preempted by the Carmack

Amendment and Plaintiffs' objections to the Memorandum and Recommendation are overruled.

**B.    PLAINTIFFS' MOTION TO AMEND COMPLAINT**

In their objections and separate motion for leave to file an amended complaint, Plaintiffs request the Court to exercise its authority and permit the filing of an amended complaint to assert a claim under the Carmack Amendment.  **Plaintiffs' Opposition Memorandum**, *supra*, **at 6, 11; Plaintiffs' Objections, at 10-11.**  Attached to Plaintiffs' motion to amend is a proposed amended complaint alleging such a cause of action.  ***See* Proposed Amended Complaint, *attached to* Plaintiffs' Motion for Leave to File Amended Complaint, filed July 19, 2007.**  However, in addition to the Carmack Amendment claim, the same state law claims are included in the amended complaint as in the initial complaint (including two "Sixth" causes of action).  As discussed at length above, these state law claims are preempted by the Carmack Amendment.  Plaintiffs also seek to amend the complaint to allege A to Z Express and Paul and Christine Collins "engaged in certain *ultra vires* acts outside the scope of their agency relationship with Bekins, which acts Bekins did not ratify."  **Motion**

**to Amend, at 1, 2.** However, the proposed amended complaint does not contain such a claim.

A plaintiff may file an amended complaint "once as a matter of course at any time before a responsive pleading is served[.]" **Fed. R. Civ. P. 15(a).** Since no responsive pleading has been filed by the Defendants in this action, Plaintiffs were free to file an amended complaint without leave of the Court or without Defendants' written consent. *Id.* The Court will consider the proposed amended complaint filed as of the date of the motion and afford them a last opportunity to bring their complaint into compliance with the rulings herein and be free of the errors (*i.e.*, two "Sixth" causes of action) noted above.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiffs' amended complaint attached to the motion to amend is hereby deemed filed as of the filing date of said motion.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Plaintiffs' state law claims as stated in the original complaint and the state law claims numbered One through Fourteen (the Fifteenth Claim being the

Carmack Amendment) as stated in the amended complaint is **GRANTED**

as to all Defendants and such claims are **DISMISSED WITH PREJUDICE.**

    **IT IS FURTHER ORDERED** that Plaintiffs may file a second

amended complaint in compliance with the rulings herein within 15 days

from service of this Order.

Signed: December 11, 2007

Lacy H. Thornburg
United States District Judge

**Signed: December 11, 2007**

Lacy H. Thornburg
United States District Judge